UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerrod Brown, # 11881-021, | ) C/A No. 9:08-3177-PMD-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Mildred Rivera, Warden, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court *pro se* by a federal prison inmate. Petitioner is currently incarcerated at FCI-Estill, in Estill, South Carolina.

Petitioner was convicted and sentenced for possession of a firearm by a convicted felon in the Southern District of Georgia in 2004. *U.S. v. Brown*, Criminal Case No. 4:04-111-BAE-1. His conviction was affirmed on direct appeal by the Eleventh Circuit Court of Appeals on August 30, 2005. *U.S. v. Brown*, 143 Fed. Appx. 259 (11th Cir. 2005). It does not appear from the docket of his case on the sentencing court's Electronic Case Filing System, https://ecf.gasd.uscourts.gov/cgi-bin/DktRpt.pl?201308731447527-L_801_0-1, that Petitioner ever filed a Motion pursuant to 28 U.S.C. § 2255 in his criminal case. *See St. Louis Baptist Temple, Inc. v. FDIC.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (federal courts may take judicial notice of proceedings in other courts if those proceedings have a direct relation to matters at issue); *U. S. ex rel. Geisler v. Walters*, 510 F.2d 887 (3rd Cir. 1975)(same); *Rhodes v. Houston*, 309 F.2d 959 (8th Cir. 1963)(same).



In the § 2241 Petition filed in this case (Entry 1), Petitioner asks this Court to order that he be re-sentenced because one type of conduct on which his "career criminal" sentencing enhancement was based in 2004 (a Florida conviction for carrying a concealed firearm) was recently determined to be a "non-violent" crime by the 11th Circuit Court of Appeal. He cites *U.S. v. Archer*, 531 F.3d 1347 (11th Cir. 2008)(decided June 26, 2008, arising from a timely § 2255 motion; no discussion of retroactivity)(relying on *Begay v. U.S.*, 128 S. Ct. 1581 (2008)), for his claim of "actual innocence" of the enhanced sentence that he received.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).



Petitioner's claim that he "is [now] actually innocent of the career offender status," (Entry 1, Petition 4), does not require this Court to consider the merits of his Petition.[1] Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Doe v. Menefee*, 391 F.3d 147 (2d Cir. 2004). Prisoners such as Petitioner often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.*, where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motion(s) they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

However, in the present case, Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence *of the criminal charge* on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995)(to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence,

---

[1] Claims of "actual innocence" appear to the be the most recent alternative to the "inadequate and ineffective" remedy argument generally raised by prisoners such as Petitioner who, essentially, attempt to receive a "second or third bite of the apple" by filing § 2241 petitions collaterally attacking convictions and sentences following unsuccessful direct appeals and/or § 2255 motions.

3



trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim); *Thompson v. U. S.*, No. 99-3893, 2000 WL 571952(6th Cir. May 2, 2000)(unpublished opinion, text available on Westlaw)(bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241). Rather, Petitioner's actual innocence claim is based on his assertion that the sentencing court improperly gave him an enhanced sentence by reliance on a Florida state conviction that was considered "violent" at the time of sentencing, but that is now considered "non-violent" due to a change in the law that occurred four years after his sentencing and three years after the conclusion of his direct appeal.

A similar claim of "actual innocence" of an enhanced sentence was recently considered by this Court in an unpublished opinion, the text of which is available on Westlaw: *Chisholm v. Pettiford*, No. 6:06-2032-PMD, 2006 WL 2707320 (D. S.C. Sept. 18, 2006). The Court in *Chisholm* rejected the actual innocence claim of a federal prisoner made in a petition filed pursuant to 28 U.S.C. § 2241, and relied, in part, on a prior case from this Court, *Davis v. U. S.,* No. 8:05-2778-GRA, 2006 WL 89505, at *6 (D. S.C. Jan.12, 2006). The *Davis* case relied, in part, on a case decided by the Fifth Circuit Court of Appeals in 2000: *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000). With regard to a similar claim of actual innocence made by a federal prisoner housed in Texas in a § 2241 petition, the *Kinder* court stated,

> Claims of actual innocence have been recognized by some courts as being possible bases for review under § 2241 when § 2255's restrictions foreclose subsequent petitions. . . . . Kinder's argument that he is actually innocent of being a career offender . . . , however, is not the type of argument that courts have recognized may warrant review under § 2241. Recent cases examining the scope of § 2255's savings clause have done so because of the Supreme Court's decision in Bailey v. United

4



> States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). . . . Where the petitioner's case has been viewed as falling within the savings clause, it was in part because the petitioner arguably was convicted for a nonexistent offense. . . . Thus, in each case, the petitioner could claim he was actually innocent of the crime of which he was convicted. In contrast, Kinder argues that . . . his conviction of conspiracy cannot support application of the Guidelines' career offender provisions. He makes no assertion that he is innocent of the crime for which he was convicted.

222 F.3d at 213-14 (citations and footnotes omitted); *see also Islas-Alvarez v. Reese*, No. CIVA 506CV14-DCB-MTP, 2007 WL 4730154 (S.D. Miss. Oct. 3, 2007).

In sum, as in *Kinder*, *Davis*, and *Chisholm*, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence – not of the underlying criminal conviction -- based on a post-sentencing case decided by the Court of Appeals for the circuit in which Petitioner was convicted.[2] Despite Petitioner's claims that he is actually innocent of the enhanced sentence he received due to new caselaw, there is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of the Petitioner's criminal conviction for possessing a firearm by a convicted felon. As a result, the facial inadequacy of the Petition now under consideration requires this Court to "decline to address whether [Petitioner's] claim of 'actual innocence' allows [him] to bypass the gatekeeping requirements of the amended § 2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause." *U. S. v. Lurie*, 207 F.3d 1075, 1077 n. 4 (8th Cir. 2000).

---

[2] There is no discussion in either *U.S. v. Archer*, 531 F.3d 1347 (11th Cir. 2008)(decided June 26, 2008, arising from a timely § 2255 motion; no discussion of retroactivity) of whether or not the holding of that case should be applied retroactively to cases such as Petitioner's which appear to have become final some time ago. In absence of a clear determination by the Eleventh Circuit that its opinion in *Archer* should apply retroactively to persons whose convictions were final before *Archer* was decided, we cannot say that Petitioner is entitled to raise that case as a basis for his claim in this Petition. *See Teague v. Lane*, 489 U.S. 288, 302-10 (1989)



**RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 31, 2008

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7