IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerrod Brown, #11881-021, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No.: 9:08-CV-3177-PMD-BM |
| v. ) | |
| ) | |
| Mildred Rivera, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____) | |

      This matter is before the Court upon Petitioner Jerrod Brown's ("Petitioner") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that the court summarily dismiss his Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, without prejudice, because his claim for relief is facially inadequate to require consideration by the court. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

      Petitioner was convicted and sentenced for possession of a firearm by a convicted felon in the Southern District of Georgia in 2004. His conviction was affirmed on direct appeal by the Eleventh Circuit Court of Appeals on August 30, 2005. *United States v. Brown*, 143 F. App'x 259 (11th Cir. 2005). It appears, as Petitioner indicated on his §2241 Petition, that he never filed a motion pursuant to 28 U.S.C. § 2255 in his criminal case. He is currently incarcerated at FCI-Estill, in Estill, South Carolina. In his § 2241 Petition before the court, Petitioner asks the court to order that he be re-sentenced because one type of conduct which his "career criminal" sentencing enhancement was based in 2004—a Florida conviction for carrying a concealed

firearm—was recently determined to be a "non-violent" crime by the Eleventh Circuit Court of Appeals.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF PETITIONER'S OBJECTIONS

Unlike a § 2255 motion which is filed in the trial and sentencing court, a § 2241 petition is filed in the district where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Generally, a § 2241 petition "attacks the execution of a sentence rather than its validity," whereas a § 2255 motion "attacks the legality of detention."

*Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see also United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks to the "computation and execution of the sentence rather than the sentence itself"). Here, Petitioner argues he received an improper sentence, asserting he is "actually innocent" of being an armed career criminal. Because Petitioner attacks the validity of his sentence, his claim is the type which normally should be brought under § 2255. *See, e.g.*, *Wester v. Yancey*, No. 9:05-2339-MBS-GCK, 2006 U.S. Dist. LEXIS 69109, at *4–5 (D.S.C. Jan. 30, 2006) ("It is well-settled that a federal prisoner must challenge the underlying validity or computation of his sentence under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241.") (citations omitted).

A district court is prohibited from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief." 28 U.S.C. § 2255(e). Section 2255, however, includes a savings clause, which permits a district court to consider a § 2241 petition challenging the validity of the prisoner's detention when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *Jones*, 226 F.3d at 333. Under the *Jones* test, § 2255 is inadequate or ineffective to test the legality of a conviction when the following three prongs are met:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333–34. Section 2255, however, is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the

3

gatekeeping requirements for filing a second or successive § 2255 motion. *See id.* at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). Petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of § 2255. *See In re Eidson*, 1997 U.S. App. LEXIS 32176 (4th Cir. 1997) (unpublished table decision); *see also McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge reviewed Petitioner's claims and determined that he failed to assert a claim upon which relief could be granted. 28 U.S.C. 1915A(b)(1) ("[T]he court shall . . . dismiss the [prisoner's] complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted."). The Magistrate Judge concluded that Petitioner only alleged "actual innocence of an enhanced sentence—not of the underlying criminal conviction—based on a post-sentencing case decided by the Court of Appeals for the circuit in which Petitioner was convicted.[1]" (R&R at 5.) Specifically, the Magistrate Judge found that "Petitioner's actual innocence claim is facially inadequate to require consideration because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceeding which supports his innocence of the *criminal charge* on which he was convicted." (R&R at 3.) In his Objections, Petitioner asserts that he is entitled to relief under the savings clause of § 2241 as he is now "actually innocent" of the career

---

[1] The Magistrate Judge also noted that the Eleventh Circuit opinion in which Petitioner challenges his sentence does not discuss "whether or not the holding of that case should be applied retroactively to cases such as Petitioner's which appear to have become final some time ago." In absence of a clear determination by the Eleventh Circuit that its opinion in *Archer* should apply retroactively to persons whose convictions were final before *Archer* was decided, the court cannot say that Petitioner is entitled to raise that case as a basis for his claim in this Petition. *See Teague v. Lane*, 489 U.S. 288, 302–10 (1989) ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").

offender status. (Objections at 7.) The court disagrees and adopts the Magistrate Judge's recommendation.

At the outset, the court notes that the Eleventh Circuit's decision in *Archer* did not render "carrying a concealed weapon non-criminal," as Petitioner asserts. (Objections at 3.) It concluded, based on the Supreme Court's opinion in *Begay v. United States*, 128 S. Ct. 1581 (2008), that "the crime of carrying a concealed weapon in violation of Florida law is not a 'crime of violence' within the meaning of the Sentencing Guidelines." *United States v. Archer*, 531 F.3d 1347, 1349 (11th Cir. 2008). Therefore, the substantive law has not changed such that Petitioner's conduct is now "deemed not to be criminal," as the second-prong of the *Jones* test requires, nor does Petitioner allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which undermines the validity of his criminal conviction for possessing a firearm as a convicted felon.. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial").

In regard to Petitioner's claim that he is actually innocent of being an armed career criminal, that claim is facially inadequate to require consideration because "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *see also In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (outlining the circumstances in which "§ 2255 is inadequate and ineffective to test the legality of a *conviction*") (emphasis added); *Chisholm v. Pettiford*, No. 6:06-2032-PMD, 2006 U.S. Dist. LEXIS 66755 (D.S.C. Sept. 18, 2006) (finding petitioner's argument that he was actually innocent of being an armed career criminal did not

entitle him to relief under § 2241 as "it is not the type of argument that courts have recognized may warrant review under § 2241") (citation omitted). Furthermore, Petitioner's reliance on *Poole v. Dotson*, 469 F. Supp. 2d 329 (D. Md. 2007) is misplaced, as that case was overturned on appeal, *United States v. Poole*, 531 F3d 263 (4th Cir. 2008), and had already been overturned at the time Petitioner prepared his Objections. Thus, the court agrees with the Magistrate Judge and summarily dismisses Petitioner's Complaint without prejudice. The facial inadequacy of the Petition requires the court to decline to address whether Petitioner's claim of "actual innocence" allows him to bypass the gatekeeping requirements of the amended §2255 and proceed with a § 2241 habeas corpus petition via § 2255's savings clause.

## CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED,** without prejudice, and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 7, 2009**
**Charleston, SC**

6